# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

SALVADOR A. MARTINEZ, )
)
           **Petitioner,** )
)
v. )     **Case No. 05-CV-0277-CVE-PJC**
)
MARTY SIRMONS, )
)
           **Respondent.** )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. #

1).  Respondent filed a response to the petition, and has provided the state court records necessary

for adjudication of Petitioner's claims (Dkt. # 9).  Petitioner filed a reply (Dkt. # 14).  For the

reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On July 23, 2002, Petitioner, represented by attorney James W. McGinnis, entered blind

pleas of *nolo contendere* in Washington County District Court, Case No. CF-2002-159, to

Trafficking in Illegal Drugs (Count 1), and Conspiracy to Deliver Methamphetamine (Count 2). See

Dkt. # 9, Ex. 9. On August 29, 2002, the trial court sentenced Petitioner to fifteen (15) years

imprisonment and a fine of $25,000 on Count 1, and ten (10) years imprisonment and a fine of

$1,000 on Count 2, with the sentences to run concurrently. See Dkt. # 9, Exs. 2 and 9.

On September 3, 2002, Petitioner filed an Application to Set Aside Guilty Plea. See Dkt. #

9, Ex. 1. On September 5, 2002, the trial court held a hearing and denied the application. See Dkt.

# 9, Ex. 2. Petitioner continued to be represented by attorney James W. McGinnis during the

proceedings on the motion to withdraw plea.

Represented by attorney Lisbeth L. McCarty, Petitioner filed a petition for writ of *certiorari* at the Oklahoma Court of Criminal Appeals ("OCCA"). He raised three (3) propositions of error, as follows:

> Proposition 1: Petitioner should be allowed to withdraw his plea because the record shows that the plea was the result of misunderstanding and ignorance, as is evident by the excessive sentences imposed.
>
> Proposition 2: The trial court erred by not sufficiently inquiring into Petitioner's competence to enter the pleas.
>
> Proposition 3: The trial court erred by entering judgments and sentences which violate the principle of double jeopardy.

(Dkt. # 9, Ex. 4).  On May 13, 2004, in an unpublished summary opinion filed in Case No. C-2002-1115 (Dkt. # 9, Ex. 5), the OCCA denied the petition.

On September 27, 2004, Petitioner filed an application for post-conviction relief in the trial court. In that application, Petitioner asserted that he was denied effective assistance of counsel because he did not understand the English language -- he was only fluent in Spanish. He claimed that, as a result, his no contest pleas were not entered voluntarily and intelligently. The requested relief was denied on January 31, 2005. See Dkt. # 9, Ex. 6.  Petitioner filed a post-conviction appeal at the OCCA, see id., Ex. 7.  On March 17, 2005, in Case No. PC-2005-193, see Dkt. # 9, Ex. 8, the OCCA affirmed the denial of post-conviction relief.

Petitioner filed his federal habeas corpus petition on May 19, 2005 (Dkt. # 1).  He asserts four (4) claims, as follows:

> Ground 1:     The Petitioner's nolo contendere plea was the result of misunderstanding and ignorance.
>
> Ground 2:     The trial court erred by not sufficiently inquiring into Petitioner's competence to enter nolo contendere plea.

2

Ground 3:     The trial court erred by entering judgments and sentences which violate the principle of double jeopardy.

Ground 4:     Petitioner had ineffective assistance of trial counsel (based on facts/evidence not found within the trial or appellate records).

See Dkt. # 1.  In response to the petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief.  See Dkt. # 9.

### *ANALYSIS*

**A.**     **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the state courts on *certiorari* appeal and in post-conviction proceedings.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.**     **Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court

applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).   Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). In denying *certiorari* relief, the OCCA adjudicated the issues raised in grounds 1 and 2. Thus, this Court shall review those grounds previously adjudicated on the merits by the OCCA under § 2254(d).

### *1. Involuntariness of pleas resulting from misunderstanding and ignorance (ground 1)*

As his first proposition of error, Petitioner argues that his pleas were involuntary because they were the result of "misunderstanding and ignorance." See Dkt. # 1. Petitioner claims that it was his understanding that the district attorney would recommend a reduced sentence in exchange for Petitioner's cooperation in providing information concerning the drug trafficking ring. Id. He believed his attorney had secured a plea agreement, and that, as a result, his entry of blind pleas of nolo contendere were based on "misunderstanding and ignorance." The OCCA rejected this claim, as well as his ground two claim, discussed below, finding as follows:

> We find, in propositions one and two, that Petitioner has not met his burden in showing that he was incompetent or that the guilty plea was entered through inadvertence, ignorance, influence, or without deliberation. *Estell v. State*, 1988 OK CR 287, 766 P.2d 1380, 1383.

Dkt. # 9, Ex. 5 at 2.

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily."  A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be

exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds*, Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995).

In this case, the state court's acceptance of the pleas was premised on the finding that Petitioner's pleas were knowingly and voluntarily entered. Petitioner affirmatively stated that he understood his pleas and agreed with the answers provided on the form. See Dkt. # 9, Ex. 9, Trans. of Plea at 4-5. In direct contrast to the allegations made in the habeas petition, he stated at his change of plea hearing that he understood that there was not a plea agreement and that he was entering a blind plea leaving the sentence up to the Court. Id. at 7. Petitioner denied being forced, abused, mistreated, or promised anything by anyone to enter his plea. Id. at 10. He answered affirmatively when asked whether he was pleading no contest of his own free will and without any coercion or compulsion of any kind. Id. As a result, the trial court determined that Petitioner "understands the nature, purpose and the consequence of this proceeding. His plea[s] of no contest in these two matters are knowingly and voluntarily entered and accepted by the Court." Id. at 10-11. Petitioner also completed and signed a "Plea of Guilty Summary of Facts." See Dkt. # 9, Ex. 11. In that

document, Petitioner answered affirmatively that he understood the nature and consequences of his decision to plead no contest. See id. at ¶ 8. He stated that he understood the range of punishment for the crimes charged. Id. at ¶ 11. He asserted that he had not been forced or abused and that he entered his pleas of his own free will, without any coercion or compulsion of any kind. Id. at ¶¶ 25 and 26. The trial court judge made a finding of fact that Petitioner's "pleas of nolo are knowingly and voluntarily entered and accepted by the Court." Id. at ¶ 32(C).

Upon careful review of the record, the Court finds Petitioner has failed to rebut the state court's factual finding that his pleas were knowingly and voluntarily entered. 28 U.S.C. § 2254(e)(1). Accordingly, the Court concludes that Petitioner is not entitled to habeas relief based on the OCCA's adjudication of his challenge to the voluntariness of his pleas.  28 U.S.C. § 2254(d).

### 2. Challenge to competency procedures (ground 2)

As his second proposition of error, Petitioner alleges that the trial court erred by not sufficiently inquiring into his competence to enter no contest pleas.  See Dkt. # 1 at 2. He does not allege that he was incompetent when he entered his pleas. As indicated above, the OCCA rejected this claim on *certiorari* appeal, finding that Petitioner had not met his burden in showing that he was incompetent when he entered his pleas. See Dkt. # 9, Ex. 5 at 2.

It is well established that "[c]ompetency claims may be based on violations of both procedural and substantive due process." Allen v. Mullin, 368 F.3d 1220, 1239 (10th Cir. 2004). The two types of claims can be distinguished as follows:

> A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent. The standards of proof for procedural and substantive competency claims differ. To make out a procedural competency claim, a defendant must raise a bona fide doubt regarding his competency to stand trial[.]

6

> This requires a demonstration that a reasonable judge should have doubted the defendant's competency. It does not require proof of actual incompetency. A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence.

Id. (quotations and citations omitted). The distinction between substantive and procedural due process is significant in habeas corpus proceedings because different standards are used in evaluating the claims. Walker v. Attorney Gen., 167 F.3d 1339, 1344 (10th Cir. 1999). Procedural competency claims are subject to waiver, while substantive competency claims are not. See Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997). Further, competency to stand trial is a factual question. Bryson v. Ward, 187 F.3d 1193, 1201 (10th Cir. 1999). Competence requires that Petitioner had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). A state court's finding of competency is presumed correct and Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This Court may not grant habeas relief unless the state court's competency finding was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2).

In this case, Petitioner has raised a procedural competence challenge. As determined by the OCCA, however, he failed to raise a bona fide doubt regarding his competency to stand trial by demonstrating that a reasonable judge should have doubted his competency. The record reflects that Petitioner affirmatively indicated that he understood the nature and consequences of the proceeding, see Dkt. # 9, Ex. 11 at ¶ 8, and that he had consulted with his lawyer about the charges and any defenses he had, and that he was satisfied with his lawyer's advice, see id. at ¶¶ 15, 16, 17. The trial court judge found that "Defendant is competent for the purpose of this hearing." See id. at ¶ 32(D).

7

Thus, the record demonstrates that prior to the trial court's acceptance of the pleas, Petitioner had demonstrated "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky, 362 U.S. at 402.

Upon careful review of the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the state courts' factual findings underlying the conclusion that he was competent at the time he entered his pleas of no contest. Accordingly, the Court concludes that Petitioner is not entitled to habeas relief based on the OCCA's adjudication of his challenge to the competency procedures followed prior to entry of his pleas.  28 U.S.C. § 2254(d).

**C.  Ineffective assistance of counsel (ground 4)**

As his fourth proposition of error, Petitioner asserts that he received ineffective assistance of trial counsel. Specifically, he claims that counsel provided ineffective assistance, as follows: (1) in failing to request a Spanish speaking interpreter to assist Petitioner in understanding the legal proceedings against him and that, as a result, his plea was not knowingly and voluntarily entered, (2) in misleading him and causing him to believe that he was pleading no contest pursuant to a plea agreement, and (3) in misleading the trial court to believe that Petitioner actually understood the nature, purpose, and consequences of the change of plea proceedings. Petitioner raised these claims in his application for post-conviction relief. The OCCA, citing only state law, determined that "[p]art of Petitioner's claim was previously adjudicated by this Court, therefore it is barred by the doctrine of res judicata. Any remaining argument is barred by the doctrine of waiver." Dkt. # 9, Ex. 8.

8

In response to the petition, Respondent asserts that this claim is procedurally barred.  The Court disagrees. When considering the applicability of a procedural bar to a claim of ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). In English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998), the Tenth Circuit held that the Oklahoma procedural bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied. Id.

Petitioner's trial and *certiorari* counsel were different. However, Petitioner's trial counsel, James McGinnis, represented Petitioner at the hearing on his motion to withdraw plea. In order to preserve a claim for review by the OCCA on *certiorari* appeal, the claim had to be raised by counsel in the motion to withdraw plea or at the hearing on the motion to withdraw plea.  Thus, to preserve Petitioner's claims of ineffective assistance of counsel, attorney McGinnis would have been required to allege in the motion to withdraw plea that he had provided ineffective assistance to Petitioner. That situation is one of the concerns addressed by the Tenth Circuit in English. Nothing in the record in this case indicates that Petitioner had the opportunity to consult with separate counsel prior to the hearing on the motion to withdraw plea or that Oklahoma provided him with any procedural mechanism to develop the factual basis of his claim of ineffective assistance of counsel on *certiorari* appeal.  See Miller v. Champion, 161 F.3d 1249, 1252 (10th Cir. 1998); Hickman v. Spears, 160

F.3d 1269, 1272 (10th Cir. 1998).  Therefore, the Court finds Petitioner's claim of ineffective

assistance of counsel is not procedurally barred and the claim shall be reviewed on the merits.

It is well established that to prevail on an ineffective assistance of counsel, a habeas

petitioner must satisfy the two-pronged standard enunciated in Strickland v. Washington, 466 U.S.

668 (1984). See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); United States v. Cook, 45 F.3d

388, 394-95 (10th Cir. 1995).  The Strickland test requires a showing of both deficient performance

by counsel and prejudice to Petitioner as a result of the deficient performance.  Strickland, 466 U.S.

at 687.  To satisfy the deficient performance prong of the test, Petitioner must overcome a strong

presumption that counsel's conduct fell within the "wide range of reasonable professional assistance

[that] . . . might be considered sound trial strategy."  Brecheen v. Reynolds, 41 F.3d 1343, 1365

(10th Cir. 1994) (citations omitted).  "A claim of ineffective assistance must be reviewed from the

perspective of counsel at the time and therefore may not be predicated on the distorting effects of

hindsight."  Id. (citations omitted).  Finally, the focus of the first prong is "not what is prudent or

appropriate, but only what is constitutionally compelled."  Id.  To establish the prejudice prong of

the test, Petitioner must show that the allegedly deficient performance prejudiced the defense;

namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceedings would have been different."  Strickland, 466 U.S. at 694.  Failure to establish

either prong of the Strickland standard will result in denial of relief.  Id. at 696.

Petitioner's claims of ineffective assistance of counsel relate to his allegations concerning

the voluntariness of his plea.  The Court has determined in part B above that Petitioner has failed

to rebut the presumption of correctness afforded the state court's factual finding that Petitioner's

pleas of no contest were knowingly and voluntarily entered.  The OCCA determined that Petitioner

10

had failed to carry his burden of demonstrating that his pleas were entered through inadvertence, ignorance, influence, or without deliberation because he thought there was a plea agreement and he did not understand that he had entered blind pleas. The record simply does not support Petitioner's claims that counsel misled him and caused him to believe that he was pleading no contest pursuant to a plea agreement, or that counsel misled the trial court to believe that Petitioner actually understood the nature, purpose, and consequences of the change of plea proceedings.

The Court also finds that the record does not support Petitioner's claim that he needed a Spanish language interpreter to understand the nature of the proceedings against him. Although the transcripts reflect some confusion by Petitioner concerning the elements of the crime of trafficking, see, e.g., Dkt. # 9, Ex. 9 at 17, nothing indicates the confusion was attributable to a language barrier. Petitioner provided clear and appropriate responses to questions asked by the trial court. See id. In addition, he was provided multiple opportunities, both in the written change of plea form, see Dkt. # 9, Ex. 11, and at the change of plea hearing, see Dkt. # 9, Ex. 9 at 4, 5, 7, 9, 10, 11, to inform the trial court of any limitations affecting his understanding of the proceedings.  He repeatedly told the trial court that he understood the nature and consequences of the proceeding. The Court must also point out that at least some of the evidence provided by Petitioner in support of his claim that he does not understand the English language lacks credibility. Specifically, Petitioner has provided a "Student Multi-Referenced Report," prepared by the Education Department at Dick Conner Correctional Center, see Dkt. # 1, Ex. 8, to support his claim that his English language skills are equivalent to those of a third grader, see Dkt. # 9, Ex. 7 at 8.  The test results, however, are for an inmate named Salvador Rodriguess, DOC # 439680, not for Petitioner Salvador Martinez, DOC # 427198.  That evidence has no applicability to this action.

In conclusion, the Court finds that the record does not support Petitioner's claim that his attorney performed deficiently in failing to secure a Spanish language interpreter for the criminal proceedings, or that his attorney's performance otherwise rendered his plea involuntary and unknowing. Therefore, Petitioner has failed to establish that he received ineffective assistance of counsel.

**D.    Procedural bar (ground 3)**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that, "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).  In addition, the presence of an alternative basis for a court's ruling does not vitiate the procedural state bar. See Dugger v. Adams, 489 U.S. 401, 410, n. 6 (1989) (addressing the merits in several cases does not extinguish a procedural bar where the procedural bar is applied in the vast

12

majority of cases); see also Harris v. Reed, 489 U.S. 255, 264, n. 10 (1989) ("Moreover, a state court need not fear reaching the merits of a federal claim in an alternative holding."); Scott v. Mitchell, 209 F.3d 854, 865-67 (6th Cir.2000) (accord).

As his third proposition of error, Petitioner asserts that his two convictions violate the double jeopardy clause. See Dkt. # 1. Petitioner did not raise this claim in his motion to withdraw pleas, but did raise it on *certiorari* appeal. Citing only state law, the OCCA found that "this issue was not raised in the motion to withdraw or the hearing at the district court; therefore, we will not consider the issue here." See Dkt. # 9, Ex. 5 at 2. The OCCA also stated that "[i]n any event, these two separate convictions do not violate the double jeopardy clause or 22 O.S.2001, § 11." Id.

Respondent argues that Petitioner's claim raised in ground 3 should be barred under the procedural default doctrine. The Court agrees.  The state court's procedural bar as applied to this claim was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding."  Maes, 46 F.3d at 985. In addition, as to the double jeopardy claim, the OCCA consistently and evenhandedly applies a state law procedural bar to an issue that is raised in the OCCA without first being presented to the state district court. Thus, the OCCA's procedural bar was based on state law grounds adequate to preclude federal habeas corpus review of the double jeopardy claim.

To overcome the resulting procedural bar, Petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. In his reply (Dkt. # 14) to Respondent's response, Petitioner complains that his attorney failed to raise the double jeopardy claim in the motion to withdraw guilty plea.  It is well established that in

13

certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. <u>Carrier</u>, 477 U.S. at 488-89.  However, the assistance provided by counsel must rise to the level of a constitutional violation.  <u>Id.</u>  Furthermore, the ineffective assistance of counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  <u>Id.</u> at 489.  In his motion to withdraw plea filed in state court, Petitioner did not assert his claim that trial counsel provided ineffective assistance in failing to raise a double jeopardy claim.  As a result, ineffective assistance of counsel cannot serve as "cause" to overcome the procedural bar applicable to the double jeopardy claim.  Furthermore, Petitioner has not presented a claim of ineffective assistance of appellate counsel claim to the state courts.  Therefore, that claim cannot serve as "cause" to overcome the procedural bar applicable to the double jeopardy claim.

Petitioner may also overcome the procedural bar applicable to ground 3 by demonstrating that a fundamental miscarriage of justice will result if his double jeopardy claim is not considered. That exception to the doctrine of procedural bar is applicable, however, only when a petitioner asserts a claim of actual innocence.  <u>Herrera v. Collins</u>, 506 U.S. 390, 403-404 (1993); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339-41 (1992); <u>see</u> <u>also</u> <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). Petitioner makes no such claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the procedural bar doctrine.

As a result of Petitioner's failure to demonstrate either "cause and prejudice" or that a fundamental miscarriage of justice would occur if his ground 3 claim is not considered, this Court is precluded from considering the merits of Petitioner's double jeopardy argument as asserted in ground 3.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 12th day of November, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

15